UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-62270-RAR

**NELY YOHANA TORRES-HUETE**,

    Petitioner,

v.

**PAM BONDI, UNITED STATES ATTORNEY GENERAL**, *et al.*,

    Respondents.
_____/

## ORDER TRANSFERRING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record. On December 12, 2025, Petitioner Nely Yohana Torres-Huete filed a *pro se* "Motion [for] Leave to File a Petition for a Temporary Restraining Order/Preliminary Injunction," ("Motion") [ECF No. 10], and "Notice of Change of Address" ("Notice"), [ECF No. 11]. Petitioner indicated that she has been "transported to" Laredo Detention Center located at 4702 East Saunders St., Laredo, Texas, 78401—an immigration processing "facility outside of the jurisdiction of this District Court." Not. at 1. In her Motion, Petitioner argued that Immigration and Customs Enforcement ("ICE") authorities have "planned to use transfers to evade the jurisdiction of the Court," Mot. at 3; she therefore sought "an injunction requesting [her] relocation to the Broward Transitional Center during the pendency of the action," *id.* at 1.

The Court then ordered Respondent to show cause whether this case should be transferred to the Southern District of Texas, allowing Petitioner to reply within five days of the Response. *See* Order to Show Cause, [ECF No. 12]. Respondent has clarified that Petitioner's transfer was not effectuated to divest the Court of jurisdiction, acknowledging that the Court is still authorized

to rule on the Petition.  *See* Response, [ECF No. 15], at 2.  It nevertheless stated that there is an appropriate respondent in the Southern District of Texas who can effectuate Petitioner's removal and that, as such, the Court is at liberty to transfer the Petition to that District.  Petitioner has not replied.  *See id.* at 3.

As the Southern District of Texas may determine that Petitioner's claims are meritorious,[1] and an appropriate respondent exists in that District, the Court concludes that transfer serves the interests of justice.  *See Gardner v. United States*, No. 23-CV-10077, 2023 WL 9316848, at *2 (N.D. Fla. Oct. 25, 2023) (listing cases in which courts "have recognized where a [28 U.S.C.] § 2241 petitioner has been redesignated to a prison facility in another jurisdiction, a court may transfer the petition to the jurisdiction in which the petitioner is being held"), *report and recommendation adopted*, 2024 WL 200899 (N.D. Fla. Jan. 18, 2024).  Being fully advised, then, it is hereby

**ORDERED AND ADJUDGED** that this case is **TRANSFERRED** to the Southern District of Texas, Houston Division.  *See* 28 U.S.C. § 124(b)(3).  Upon transfer, the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 8th day of January, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] For example, Petitioner claims that she is a native and citizen of Honduras who "has resided in the United States for the past [thirteen] years[.]"  Petition, [ECF No. 1], at 9.  Respondent contends that she is an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General, which renders her an applicant for admission under 8 U.S.C. § 1225 rather than subject to § 1226(a).  Response, [ECF No. 8], at 5.  At least two courts in the Southern District of Texas have interpreted § 1225 and § 1226 in Petitioner's favor.  *See Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025); *Covarrubias v. Vergara*, No. 25-CV-112, 2025 WL 2950097, at *2 (S.D. Tex. Oct. 8, 2025).

cc: Nely Yohana Torres-Huete
A- 209213854
Laredo Detention Center
Inmate Mail/Parcels
4702 East Saunders
St Laredo, TX 78401
PRO SE